UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

JOHNATHAN GRAHAM,                           :

              Petitioner,               :
                                                               <u>ORDER</u>
       - v -                                    :
                                                          19 Civ. 167 (DC) (LB)

T. TYNON,                                   :

              Respondent.              :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

APPEARANCES:        JOHNATHAN GRAHAM
                          Petitioner *Pro Se*
                          89-111 Porter Avenue
                          Brooklyn, New York  11237

                          ERIC GONZALEZ, Esq.
                          Kings County District Attorney
                          By:   Julian Joiris, Esq.
                                Assistant District Attorney
                          350 Jay Street, 20th Floor
                          Brooklyn, NY  11201
                                Attorney for Respondent

CHIN, Circuit Judge:

        On December 26, 2018, petitioner Johnathan Graham, then incarcerated in the Washington Correctional Facility in Comstock, New York, filed in the U.S. District Court for the Northern District of New York a *pro se* petition for a writ of habeas corpus

pursuant to 28 U.S.C. § 2241 (the "Petition").  Dkt. 1.  For the reasons that follow, the Petition is DISMISSED as set forth below.

The Petition contests the lawfulness of Graham's incarceration after he was convicted in the Supreme Court of the State of New York, Kings County, of one count of aggravated criminal contempt, in violation of N.Y. Penal Law § 215.52(1), and one count of criminal contempt in the first degree, in violation of N.Y. Penal Law § 215.51(b)(iv).  Graham challenges his arraignment in New York City Criminal Court on four grounds, including alleged defects in the court's procedures and the accusatory instrument.  See Dkt. 1 at 6-8.  He argues as well that his appellate counsel failed to raise these challenges on his direct appeal.  Id. at 8.

The Petition was transferred to this Court on January 9, 2019, and on March 14, 2019, the Court entered an order directing Graham to indicate whether (1) he wished to convert the Petition into one brought pursuant to 28 U.S.C. § 2254 or (2) he wished to withdraw the Petition rather than converting it.  Dkt. 7.  Graham responded on March 26, 2019, and stated that he wished the Court to treat the Petition as having been brought pursuant to 28 U.S.C. § 2254.  Dkt. 8.

Graham was released from incarceration on July 3, 2019, and placed under parole supervision.  Dkt. 14 at 2.  On April 26, 2019, and again on September 20, 2019, Graham informed the Court of changes in his mailing address.  Dkt. 9, 10.  Graham's letter of September 20, 2019, was his last communication with the Court.  Subsequently,

2

mail sent to the last address Graham had provided was returned as undeliverable. *See* Dkt. 11, 12, 17, 18.[1]  Graham was discharged from parole supervision on November 3, 2021.  Dkt. 14 at 1.

On January 30, 2023, Magistrate Judge Bloom entered an order reminding Graham that "[a]ll litigants, including a petitioner for a writ of habeas corpus . . . , are obligated to notify the court when they change addresses."  Dkt. 13 at 1 (alterations adopted) (citations and internal quotation marks omitted).  The order noted that "courts have repeatedly held that failure to maintain such an address with the Court is a sufficient ground to dismiss a case."  *Id.* at 1-2 (alterations adopted) (citation and internal quotation marks omitted).  The Court directed the Kings County District Attorney, representing Respondent, to supply the last address at which Graham's parole officer was aware he resided; moreover, the Court warned Graham that "[i]f this Order is returned to the Court as undeliverable, and respondent is unable to provide a current address as petitioner is no longer under parole supervision, this case may be dismissed."  *Id.* at 2.

---

[1]   Although Graham provided the Court with the same address contained in the records of the New York State Department of Corrections and Community Service, due to a clerical error the Court incorrectly recorded the address as 89-11 rather than 89-111 Porter Avenue, Brooklyn, New York  11237.  Once the Kings County District Attorney brought the error to the Court's attention, however, correspondence sent to the address Graham gave was also returned as undeliverable.  *See* Dkt. 14 at 1; 18.  The address is that of the Care for the Homeless Peter Jay Sharp Center for Opportunity, a healthcare center for homeless persons, rather than a residential address.

Magistrate Judge Bloom's order was indeed returned as undeliverable, and Respondent was unable to provide a more current address. *See* Dkt. 14, 17, 18. On May 12, 2023, the Petition was reassigned to me.

As a threshold matter, even though Graham has completed his terms of incarceration and parole supervision, the Petition may not be moot. Graham was convicted of two felonies, *see* N.Y. Penal Law §§ 215.51, 215.52, and felony convictions carry a variety of collateral consequences, including restrictions as to an individual's employment, finances, and participation in civic life, *see* N.Y. Courts, *Collateral Consequences*, https://nycourts.gov/courthelp/Criminal/collateralConsequences.shtml. Because such consequences may injure Graham, he may still be entitled to federal habeas review of his conviction's validity. *See Spencer v. Kemna*, 523 U.S. 1, 7-8 (1998).

Because Graham has not been in communication with the Court for more than three years and there is no feasible way to contact him, however, his Petition must be dismissed under Federal Rule of Civil Procedure 41(b). That rule provides that an action may be dismissed "[i]f the plaintiff fails to prosecute or comply with these rules or a court order." *Id.* The Second Circuit has held that "[a]lthough the text of [the rule] expressly addresses only the case in which a defendant moves for dismissal of an action, it is unquestioned that Rule 41(b) also gives the district court authority to dismiss a plaintiff's case *sua sponte* for failure to prosecute." *LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001). In deciding whether dismissal is warranted, the

4

Circuit has directed courts to consider a range of circumstances -- including whether the plaintiff was on notice of the prospect of dismissal and whether a less drastic sanction has been considered. *United States ex rel Drake v. Norden Sys., Inc.*, 375 F.3d 248, 254 (2d Cir. 2004); *see also Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014).

Here, Graham has not updated his address with the Court since September 20, 2019; Respondent reported that Graham's parole officer does not have a more recent address for him; and the Court expressly warned Graham that failure to provide a current address might result in the Petition's dismissal. *See* Dkt. 10, 13, 14.

Like other habeas petitioners whose "failure to provide the court with a new mailing address after his release from custody has regularly been held to be an adequate ground for a Rule 41(b) dismissal," *Ikpemgbe v. New York*, No. 18 Civ. 1027 (AT), 2021 WL 4198409, at *2 (S.D.N.Y. Sept. 15, 2021), Graham has been on notice of the consequences of his neglect. Moreover, I am unable to give Graham any further warning that his Petition may be dismissed. *See Lukensow v. Harley Cars*, 124 F.R.D. 64, 66 (S.D.N.Y. 1989). And "[i]t is not an efficient use of the Court's . . . resources to permit this case to languish on the docket in the hope that plaintiff will reappear in the future." *Davison v. Grillo*, No. 05 Civ. 4960 (NG), 2006 WL 2228999 (E.D.N.Y. Aug. 3, 2006).

In the absence of viable alternatives, therefore, the Petition is DISMISSED, with prejudice, except that, if Graham applies for reinstatement of the Petition by

5

writing to the Court within ninety days of this Order and provides his current address, the case will be reinstated.

The Clerk of Court is respectfully directed to mail a copy of this Order to Graham at his last address of record, that is, 89-111 Porter Avenue, Brooklyn, New York 11237. The Clerk of Court is further directed to close the case.

SO ORDERED.

Dated:  New York, New York
        May 19, 2023

                                                    _____
                                                    DENNY CHIN
                                                    United States Circuit Judge
                                                    Sitting by Designation

6